Stacey D. Adams, Esq. (NJ Bar #022481998)
Emily Freeman David, Esq. (NJ Bar #121862014)
**LITTLER MENDELSON**
A Professional Corporation
One Newark Center, Eighth Floor
Newark, New Jersey  07102
973.848.4700
*Attorneys for Defendant*
*Gardner P. Dunnan*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.S.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DALTON SCHOOLS, INC. and GARDNER P. DUNNAN,<br><br>　　　　　Defendants. | Civil Action No. 2:18-cv-10258 (CCC)(SCM) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT
GARDNER P. DUNNAN'S MOTION TO TRANSFER VENUE**

*On the brief:*

　　Stacey D. Adams, Esq.
　　Emily Freeman David, Esq.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT .................................................................................................... 2

    I.     Plaintiff's Claims Arose In New York.......................................................... 3

    II.    Plaintiff's Current Residence In New Jersey And Claim To Have
             Suffered Latent Injuries In New Jersey Is Not A Viable Basis For
             Establishing Venue ................................................................................. 7

    III.   Plaintiff's Desire To Have The New Jersey Child Sexual Abuse
             Act Applied Is Not Controlling................................................................. 7

         A.   New York Has A Greater Interest In Resolving This Dispute
               Than New Jersey ............................................................................ 7

         B.   The New Jersey Child Sexual Abuse Act Does Not Provide A
               Basis For Venue In New Jersey ................................................... 10

    IV.   The Risk Of Duplicative Litigation Weighs In Favor Of Transfer..................... 11

    V.    New York Has A More Significant Relationship With The Parties
             And The Action And New York Law Therefore Applies.................................. 11

CONCLUSION............................................................................................... 13

# TABLE OF AUTHORITIES

PAGE

CASES

*AB Coaster Holdings, Inc. v. Icon Health & Fitness, Inc.,*
2011 WL 6887724 (D.N.J. Dec. 29, 2011) ........................................................... 8

*Allied Old English, Inc. v. Uwajimaya, Inc.,*
2012 WL 3564172 (D.N.J. Aug. 16, 2012) .......................................................... 3

*Bachmann Software & Servs. v. Intouch Grp., Inc.,*
2008 WL 2875680 (D.N.J. July 22, 2008) ........................................................... 4

*Bailey v. Dallas Cty. Sch.,*
2016 WL 3021683 (E.D. Tex. May 26, 2016) ..................................................... 9

*Days Inns Worldwide, Inc. v. Ram Lodging, LLC,*
2010 WL 1540926 (D.N.J. Apr. 14, 2010) .......................................................... 3

*Dworin v. Deutsch,*
2006 WL 3095945 (D.N.J. Oct. 30, 2006) ......................................................... 12

*Ferratex, Inc. v. U.S. Sewer & Drain, Inc.,*
121 F. Supp. 3d 432 (D.N.J. 2015) ...................................................................... 8

*Fortay v. Univ. of Miami,*
1994 WL 62319 (D.N.J. Feb. 17, 1994) ...................................................... 5, 6, 11

*Gentry v. Leading Edge Recovery Sols., LLC,*
2014 WL 131811 (D.N.J. Jan. 10, 2014) ............................................................. 3

*Girgis v. Hartford Life & Acc. Ins. Co.,*
2011 WL 2115814 (D.N.J. May 25, 2011) .......................................................... 5

*Hoeft v. Tucson Unified Sch. Dist.,*
967 F.2d 1298 (9th Cir. 1992) ........................................................................... 10

*Jacobs v. Cider Mill Farms Co.,*
1999 WL 1418878 (D.N.J. Oct. 25, 1999) ........................................................... 5

*Johnson v. Nextel Commc'ns, Inc.,*
2007 WL 2814649 (D.N.J. Sept. 21, 2007) .......................................................... 8

*Laureate Educ., Inc. v. Megahed,*
2010 WL 2651895 (D. Md. July 1, 2010) ............................................................ 9

*McCarrell v. Hoffman-La Roche Inc.,*
227 N.J. 569 (2017) ............................................................................................ 12

*McNulty v. J.H. Miles & Co.,*
913 F. Supp. 2d 112 (D.N.J. 2012) ...................................................................... 5

*Metro Life Ins. Co. v. Bank One, N.A.,*
2012 WL 44664026 (D.N.J. Sept. 25, 2012) ..................................................... 3, 8

*Moore v. Baker,*
2018 WL 3421601 (M.D. Ala. June 18, 2018)
*report and recommendation adopted*
2018 WL 3420802 (M.D. Ala. July 13, 2018) ...................................................... 9

# TABLE OF AUTHORITIES

PAGE

*Nat'l Prop. Inv'rs VIII v. Shell Oil Co.,*
917 F.Supp. 324 (D.N.J. 1995) ................................................................ 11

*Novartis v. Millercoors LLC,*
2015 WL 6407837 (D.N.J. Oct. 20, 2015) .............................................. 5

*O'Brien v. Pennington Sch.,*
2008 WL 160588 (E.D. Pa. Jan. 15, 2008) ............................................ 9

*Park Inn Int'l, L.L.C. v. Mody Enterprises, Inc.,*
105 F. Supp. 2d 370 (D.N.J. 2000) ......................................................... 3

*Patton Boggs LLP v. Chevron Corp.,*
2012 WL 6568461 (D.N.J. July 18, 2012)
*report and recommendation adopted*
2012 WL 6568526 (D.N.J. Dec. 14, 2012) ............................................. 7

*Peikin v. Kimmel & Silverman, P.C.,*
576 F. Supp. 2d 654 (D.N.J. 2008) ................................................... 3, 5, 8

*Platinum Partners Value Arbitrage Fund, L.P. v. TD Bank, N.A.,*
2011 WL 3329087 (D.N.J. Aug. 2, 2011) .............................................. 5

*Quintiles IMS Inc. v. Veeva Sys., Inc.,*
2017 WL 2766166 (D.N.J. June 23, 2017) .......................................... 4-5

*Ricoh Co., Ltd. v. Honeywell, Inc.,*
817 F.Supp. 473 (D.N.J.1993) ................................................................ 5

*Santi v. Nat'l Bus. Records Mgmt., LLC,*
722 F. Supp. 2d 602 (D.N.J. 2010) ......................................................... 3

*Santomenno v. Transamerica Life Ins. Co.,*
2012 WL 1113615 (D.N.J. Mar. 30, 2012) ............................................ 7

*Shubert v. Marriott Int'l, Inc.,*
2016 WL 245252 (D.N.J. Jan. 21, 2016) ............................................. 7-8

*Smith v. Circle Line Sightseeing,*
2012 WL 1495446 (D.N.J. Apr. 26, 2012) ............................................ 3

*Thorlabs, Inc. v. Townsend Commc'ns, L.L.C.,*
2004 WL 1630488 (D.N.J. June 30, 2004) ............................................ 7

*Tischio v. Bontex, Inc.,*
16 F. Supp. 2d 511 (D.N.J. 1998) ......................................................... 12

*U.S. Fire Ins. Co. v. Aldworth Co.,*
2005 WL 1522280 (D.N.J. June 28, 2005) ............................................ 4

*Yang v. Odom,*
409 F. Supp. 2d 599 (D.N.J. 2006) ...................................................... 10

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) ................................................................................. 13

## TABLE OF AUTHORITIES

PAGE

STATE STATUTES AND RULES

New Jersey Child Sexual Abuse Act (NJCSAA) ................................................................ 10, 13

NYCPLR 213-C ............................................................................................................. 9, 10

## PRELIMINARY STATEMENT

As set forth in Defendant Gardner P. Dunnan's ("Mr. Dunnan") Motion to Change Venue, this litigation belongs in the Southern District of New York ("SDNY"). This cause of action arises from allegations of sexual misconduct by a former New York student against her New York City private school and the school's former headmaster, a New York resident. There can be no doubt that the "heart," "center of gravity," and "nucleus of operative facts" of this dispute lies in New York, as every relevant allegation in Plaintiff J.S.'s ("Plaintiff") Complaint, with the exception of a single alleged incident, occurred in New York. Plaintiff's strategic omission of any reference to "New York" from her Statement of Facts cannot change this reality.

Plaintiff's Opposition brief ("Pl. Opp.") is bereft of any true substantive challenge to the ample legal authority set forth in Mr. Dunnan's brief. Instead, Plaintiff attempts to make an emotional appeal to the Court, knowing full well that the law and the facts fall squarely in favor of changing venue. At bottom, Plaintiff asks this Court to ignore the well-established jurisprudence in this district concerning transfer determinations and deny Mr. Dunnan's motion simply because (i) *one* of four alleged incidents of misconduct purportedly occurred while she was on a visit to New Jersey with Mr. Dunnan; (ii) Plaintiff now lives in New Jersey and is apparently experiencing the "emotional impact" of the alleged misconduct in New Jersey; and (iii) New Jersey provides what Plaintiff believes is a better civil remedy to victims of childhood sexual abuse.

None of these reasons provides a basis for denying Mr. Dunnan's Motion. First, although Plaintiff claims that one of the alleged events occurred in New Jersey, she does not dispute that the center of gravity for *every other single event* alleged in this case occurred in New York. Namely, she acknowledges that she attended school in New York, Mr. Dunnan performed his job

1

duties as headmaster in New York, she came to know Mr. Dunnan as a result of her time attending the Dalton School in New York, she lived with and purportedly worked for the Dunnan family in New York and three of the four alleged acts of sexual abuse occurred in New York. Second, although Plaintiff currently lives in New Jersey, there is no dispute that she and both Defendants were domiciled in New York at the time of the events, and for at least 20 years thereafter, and that the two named Defendants are *still* domiciled there. Further, Plaintiff wholly ignores case law stating that the mere fact that she may have suffered damages in New Jersey is not a sufficient basis to lay venue in that state. Third, the fact that New Jersey has established a civil remedy for child sexual abuse – that conveniently has a more liberal statute of limitations than the New York law – is not a viable basis for establishing venue in this state. New York also has laws protecting against child sexual abuse and governing the conduct of its schools and educators. The fact that Plaintiff prefers the laws of another state to be applied because she views them as more generous is not a viable basis for establishing venue.[1] Plaintiff's Opposition ignores both the facts and the law, and does not provide this Court with any basis for denying Mr. Dunnan's Motion. Accordingly, this matter should be transferred to the SDNY.

## ARGUMENT

As fully described in Mr. Dunnan's opening brief, when the appropriate analysis is applied, both private and public factors militate in favor of transferring this case to the SDNY. Courts in the Third Circuit balance a host of private and public interest factors in determining whether transfer is appropriate, including: (i) the choice of forum of the plaintiff; (ii) the defendant's preference; (iii) the ease of access to sources of proof; (iv) the convenience of the

---

[1] Even if this case remains in the District of New Jersey ("DNJ"), New York law would apply since Plaintiff concedes that *all* of the events giving rise to this litigation, save one, occurred in New York. [Pl. Opp. at 2-4].

witnesses; (v) where the claim arose; (vi) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (vii) court congestion and administrative difficulties; (viii) the local interest in resolving local controversies at home; and (ix) public policies of the fora. *Santi v. Nat'l Bus. Records Mgmt.*, LLC, 722 F. Supp. 2d 602, 606-07 (D.N.J. 2010). Each of these factors weigh strongly in favor of laying venue in New York, and Plaintiff's Opposition brief fails to establish otherwise.

## I.   Plaintiff's Claims Arose In New York

Of all the private and public interest factors, the court's determination of "where the claim arose" is "most critical to the Court's analysis." *Metro. Life Ins. Co. v. Bank One, N.A.*, No. CIV.A. 03-1882 SDW, 2012 WL 44664026, at *6 (D.N.J. Sept. 25, 2012); *see also Peikin v. Kimmel & Silverman*, P.C., 576 F. Supp. 2d 654, 660 (D.N.J. 2008); *Days Inns Worldwide, Inc. v. Ram Lodging, LLC*, No. CIV.A. 09-2275 (SDW), 2010 WL 1540926, at *6 (D.N.J. Apr. 14, 2010). It is well-settled New Jersey jurisprudence that a plaintiff's "claims arose" in the forum that is the "center of gravity" of the dispute. *Park Inn Int'l, L.L.C. v. Mody Enterprises, Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000); *Gentry v. Leading Edge Recovery Sols., LLC*, No. CIV.A. 13-3398 PGS, 2014 WL 131811, at *6 (D.N.J. Jan. 10, 2014); *Allied Old English, Inc. v. Uwajimaya, Inc.*, No. CIV.A. 11-1239 ES, 2012 WL 3564172, at *4 (D.N.J. Aug. 16, 2012); *see also Smith v. Circle Line Sightseeing*, No. CIV.A. 11-4185 WJM, 2012 WL 1495446, at *2 (D.N.J. Apr. 26, 2012) (in considering venue, the court should look to the forum in which "the contacts weigh most heavily").

Rather than engage with the established case law (or even reference the term "center of gravity"), Plaintiff asserts that her claim arose in New Jersey solely because a <u>single act</u>

3

allegedly occurred in New Jersey.[2]  In support of this proposition, Plaintiff cites to several cases, each of which is mischaracterized by Plaintiff, easily distinguishable from the case at bar, or totally inapposite.  For example, Plaintiff inaccurately cites *U.S. Fire Ins. Co. v. Aldworth Co.,* No. CIV. 04-4963 (JBS), 2005 WL 1522280, at *5 (D.N.J. June 28, 2005), claiming that the Court denied a motion to transfer venue even though "the events giving rise to th[e] action took place in Georgia."  This completely misstates the holding of the case.  *U.S. Fire* involved a contractual dispute between a company and its insurer over coverage in a personal injury action. *Id.* at *1.  Defendant moved to change venue to Georgia because that is where the accident in the underlying personal injury action (for which coverage was sought) occurred.  *Id.* at *5.  The Court denied the motion because the insurance coverage dispute – a secondary lawsuit involving a contractual claim that had nothing to do with facts of the underlying accident – involved contracts that were entered into by the parties *outside of Georgia.*   *Id.* (emphasis added). Plaintiff's citation to *Bachmann Software & Servs. v. Intouch Grp., Inc.* is likewise misguided. No. 08 Civ. 2025 (KSH), 2008 WL 2875680, at *15 (D.N.J. July 22, 2008).  In *Bachmann,* the court denied a motion to change venue, in part, because "it could not be said that *the majority of the events* giving rise to plaintiff's claims occurred outside of New Jersey."  *Id.* (emphasis added).  Here, the exact opposite circumstance exists – namely, the majority of the events giving rise to Plaintiff's claims occurred in New York, *not* New Jersey. Thus, *Bachmann* actually supports Mr. Dunnan's application.  In *Quintiles IMS Inc. v. Veeva Sys., Inc.,* the defendant challenged a corporate plaintiff's choice of forum on the basis that it was not the state where the company was incorporated or had its corporate headquarters, which is wholly immaterial to the

---

[2] Plaintiff claims there were three trips to the Dunnan's vacation home, but concedes that alleged misconduct occurred on only <u>one</u> of those trips.

current analysis.  No. CV 17-177 (CCC), 2017 WL 2766166, at *4 (D.N.J. June 23, 2017).  The facts in *Novartis v. Millercoors LLC* were exceptional, and therefore inapposite, in that the plaintiff was so severely injured (requiring assistance in almost all activities in daily living) that transfer from plaintiff's home forum was not appropriate because the plaintiff's "medical condition outweighs all other transfer factors, many of which would otherwise point to Texas as the preferable forum."  No. CV 15-3891 (CCC), 2015 WL 6407837, at *2 (D.N.J. Oct. 20, 2015).[3]

A single alleged act of wrongdoing is insufficient to shift the center of gravity from New York to New Jersey.  Rather, in ascertaining the "center of gravity" the Court must look at more than just where the misconduct occurred; it must focus on *all* events and transactions, the domicile of the parties and the forum in which the parties' relationships was centered.  *See, e.g., Peikin.*, 576 F. Supp. 2d at 660 (claim arose in Pennsylvania when the lawsuit "center[ed] around discriminatory conduct allegedly perpetrated upon a Pennsylvania resident in Pennsylvania by Pennsylvania employers");  *Jacobs v. Cider Mill Farms Co.*, No. 99-2832 AMW, 1999 WL 1418878, at *4 (D.N.J. Oct. 25, 1999) (center of gravity was in Massachusetts when the parties' employment relationship was centered in Massachusetts and plaintiff alleged at least one incident of unwanted sexual advance occurred in Massachusetts); *Platinum Partners Value Arbitrage Fund, L.P. v. TD Bank, N.A.*, No. CIV.A. 10-6457 ES, 2011 WL 3329087, at *3 (D.N.J. Aug. 2, 2011) (alleged misconduct in New Jersey "would not outweigh the obvious connection between

---

[3] Nor should Plaintiff's choice of forum be afforded any deference.  Where, as here, a plaintiff's chosen forum "does not coincide with the district where in the heart of [the] dispute occurred," her preference "may be given substantially less deference." *McNulty v. J.H. Miles & Co.*, 913 F. Supp. 2d 112, 117 (D.N.J. 2012); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 481 (D.N.J.1993); *Fortay v. Univ. of Miami*, 1994 WL 62319 (D.N.J. Feb. 17, 1994).  Additionally, a "[p]laintiff's choice of forum is given less weight when transferring venue would result in only negligible inconvenience to the plaintiff." *Girgis v. Hartford Life & Acc. Ins. Co.*, No. 2:10-CV-05279 DMC, 2011 WL 2115814, at *1 (D.N.J. May 25, 2011).

the allegations in the Complaint and the Ponzi scheme, which was originated and carried out in Florida"); *Fortay,* 1994 WL 62319, at *8 (Florida was "center of gravity" of the dispute when "the balance of alleged wrongdoings occurred in Florida").

In the instant matter, there can be no dispute that Plaintiff's claims arose in and that the center of gravity is in New York. As Plaintiff acknowledges repeatedly in her Complaint and Opposition Brief: (i) the Dalton school is located exclusively in Manhattan [Pl. Opp. at 2]; (ii) the Dalton School employed Mr. Dunnan and he performed his job duties as headmaster in New York [Pl. Opp. at 2]; (iii) the parties were all New York residents at the time Plaintiff's claims allegedly arose [Am. Comp. at ¶¶ 9, 22, 28], and the Dalton School and Mr. Dunnan remain residents of New York to this day [Am. Compl. at ¶¶ 9, 10]; (iv) Plaintiff attended the Dalton School exclusively in New York [Pl. Opp. at 2]; (v) Plaintiff lived with the Dunnan family at its apartment located nearby to the Dalton School in New York [Pl. Opp. at 2]; (vi) Plaintiff worked for the Dunnan family as a "family helper" at their home in New York [Pl. Opp. at 2]; and (vii) three of the four alleged acts of sexual misconduct occurred in Dunnan's apartment in New York [Pl. Opp. at 4-5]. Incredibly, Plaintiff asks the Court to ignore these critical facts, all of which are set forth in her own Complaint because, conveniently, they are now apparently "only background and not the basis of Plaintiff's claim against Dunnan."[4] [Pl. Opp. at 18-19]. There can be no question that this case's "center of gravity" is New York. Notwithstanding this clear center of operative facts, even if the Court were to make its determination based exclusively on where the alleged misconduct occurred, venue in New York would still be

---

[4] This argument does not even make sense given Plaintiff's position that Mr. Dunnan and the Dalton School stood "*in loco parentis*" over her based upon the "parental-like" control they exercised over her while she was attending school in New York and living with the Dunnan family in New York.

6

warranted as the vast majority of the alleged misconduct – *three of four of the alleged acts* – occurred in New York. [Pl. Opp. at 4-5]. Try as she might, Plaintiff cannot ignore this fact.

## II.    Plaintiff's Current Residence In New Jersey And Claim To Have Suffered Latent Injuries In New Jersey Is Not A Viable Basis For Establishing Venue

Plaintiff also argues in her Opposition Brief that venue is proper in New Jersey because, since moving her ten years ago, she continues to suffer emotional injury in this state. [Pl. Opp. at 18]. She does not dispute, however, that the alleged misconduct occurred in New York, or that she suffered the alleged emotional and psychological impact of this conduct for more than 20 years in New York before moving to New Jersey. [Pl. Opp. at 4-5]. Most critically, Plaintiff wholly ignores the well-established case law that "[t]he location of the alleged injury is not considered when determining the 'center of gravity' or where the claim arose...." *Santomenno v. Transamerica Life Ins. Co.*, No. CIV.A. 11-736 ES, 2012 WL 1113615, at *8 (D.N.J. Mar. 30, 2012); *see also Thorlabs, Inc. v. Townsend Commc'ns, L.L.C.*, No. CIV.A. 03-4550(JCL), 2004 WL 1630488, at *4 (D.N.J. June 30, 2004); *Patton Boggs LLP v. Chevron Corp.*, No. CIV.A. 12-901 ES CLW, 2012 WL 6568461, at *6 (D.N.J. July 18, 2012), report and recommendation adopted, No. CIV.A. 12-901 ES, 2012 WL 6568526 (D.N.J. Dec. 14, 2012).   Accordingly, Plaintiff's claim that venue is proper in New Jersey because that fact that she may have suffered emotional distress here must be disregarded.

## III.    Plaintiff's Desire To Have The New Jersey Child Sexual Abuse Act Applied Is Not Controlling

### A.    New York Has A Greater Interest In Resolving This Dispute Than New Jersey

The determination of which district has "a greater interest in the action is a significant factor" in deciding whether transfer is appropriate. *Shubert v. Marriott Int'l, Inc.*, No. 1:15-CV-

7

05111, 2016 WL 245252, at *3 (D.N.J. Jan. 21, 2016); *see also Peikin, P.C.,* 576 F. Supp. 2d at 660.  A district's local interest in a controversy is determined by considering "where the majority of the alleged culpable conduct occurred." *Id.*  Further, "when a forum has 'historically and actively regulated the conduct or parties at issue'…the local interest is substantial."  *See Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 443 (D.N.J. 2015); *Metro. Life Ins. Co.,* 2012 WL 4464026, at *8; *AB Coaster Holdings, Inc. v. Icon Health & Fitness, Inc.*, No. 2:10-CV-06760 ES-CLW, 2011 WL 6887724, at *6 (D.N.J. Dec. 29, 2011); *Johnson v. Nextel Commc'ns, Inc.*, No. CIV.A. 06-CV-5547DMC, 2007 WL 2814649, at *5 (D.N.J. Sept. 21, 2007).

Here, New York's interest in governing the conduct of its schools and educators, and in preventing child sexual abuse of its students, predominates over New Jersey.  The majority of the alleged culpable conduct (including three of four of the alleged acts of sexual misconduct and Dalton's alleged negligent hiring and supervision of Mr. Dunnan) occurred in New York.  [Pl. Opp. at 2, 4-5].   Further, because New York has "historically and actively regulated the conduct or parties at issue" – namely, its schools, educators, and students – its local interest in resolving this dispute is significant.  *Ferratex, Inc.*, 121 F. Supp. 3d at 443.

Without providing a single citation to support her position, Plaintiff makes the bold claim that New York does not have a strong interest in resolving this dispute between a New York school, a New York headmaster, and a New York student.  She claims that Mr. Dunnan focuses his brief on "New-York-centric… facts that are not the basis for Plaintiff's claims."  [Pl. Opp. at 24].  This argument is nonsensical and self-serving.  Is Plaintiff alleging that the three acts of alleged sexual abuse that she claims occurred in New York are not the basis of her lawsuit and should be disregarded?   Is she arguing that the circumstances which, according to her own

8

Complaint, placed her in a circumstance where Mr. Dunnan and the Dalton School stood *in loco parentis* to her are not relevant?  Despite all these facts that Plaintiff would have this Court selectively ignore when it suits her purpose, the Court cannot discount the fact that this case involves a dispute between a New York school, a headmaster at that school, and a former student at that school.

Plaintiff contends that New York's interest in the regulation of its schools and educators is inapposite because "this case is not about the regulation of schools in New York." [Pl. Opp. at 9].  This assertion is absurd, and against the weight of the case law.  New York certainly has an interest in insuring that the teachers and staff at its schools do not abuse the students, and has specifically regulated in this area.  *See* NYCPLR 213-C.  Indeed, Courts throughout this country have recognized the significant interest that states have in regulating its educational institutions and have transferred venue on that basis.  *See e.g. Moore v. Baker*, No. 2:18-CV-6-MHT-DAB, 2018 WL 3421601, at *5 (M.D. Ala. June 18, 2018), report and recommendation adopted, No. 2:18CV6-MHT, 2018 WL 3420802 (M.D. Ala. July 13, 2018) (granting transfer to the Southern District of Alabama because it had "a greater interest in its local college and [in its] students and staff being sued in its home district."); *O'Brien v. Pennington Sch.*, No. CIV.A. 06-2101, 2008 WL 160588, at *6 (E.D. Pa. Jan. 15, 2008) (finding NJ law applied to litigation concerning actions of a New Jersey private school when "New Jersey has a strong interest in regulating the educational institutions located within its borders."); *Bailey v. Dallas Cty. Sch.*, No. 6:15-CV-1137 MHS-JDL, 2016 WL 3021683, at *3 (E.D. Tex. May 26, 2016) (transfer to the Northern District of Texas was warranted in case against a school because the Northern District had a local interest in seeing its educational programs comply with federal law); *Laureate Educ., Inc. v. Megahed*, No. CIV.A.AW-10-749, 2010 WL 2651895, at *11 (D. Md. July 1, 2010) (transfer to

the Northern District of Illinois when Illinois has a substantial interest in resolving disputes involving two of its local colleges); *Hoeft v. Tucson Unified Sch. Dist.,* 967 F.2d 1298, 1303 (9th Cir. 1992) (recognizing the "traditionally strong state and local interest in education").  Once again, Plaintiff wholly ignores the relevant case law when convenient for her.  However, New York clearly has the greater interest in regulating its schools, educators and students.

### B.  The New Jersey Child Sexual Abuse Act Does Not Provide A Basis For Venue In New Jersey

Plaintiff's contention that New Jersey has a substantial interest in this litigation based upon its enactment of the New Jersey Child Sexual Abuse Act ("NJCSAA") is similarly misplaced.  It suggests that New York does not protect its children from sexual abuse, which could not be further from the truth.  To the contrary, New York has passed its own law to offer redress to victims of childhood sexual abuse, which also offers an enhanced statute of limitations under which to bring their claims.  *See* NYCPLR 213-C. This is not a situation where one state offers a remedy and the other does not.  Rather, Plaintiff prefers to be in New Jersey because the NJCSAA has a more liberal statute of limitations. However, where, as here, there is evidence that a plaintiff has selected a specific forum to prosper from more favorable laws, her choice of forum should not be afforded deference. *See Yang v. Odom*, 409 F. Supp. 2d 599, 605 (D.N.J. 2006) (according plaintiffs' choice of forum less deference because "Plaintiffs only pursued their case here after their options in Georgia effectively ran out.")  New York has laws that govern the conduct at issue in this action and the fact that New Jersey has a different law that Plaintiff apparently prefers does not control venue.

**IV.    The Risk of Duplicative Litigation Weighs In Favor Of Transfer**

Notwithstanding Plaintiff's sole citation to a thirty year old, unpublished decision from the Eastern District of Pennsylvania, New Jersey precedent provides that even the *possibility* of duplicative litigation in separate fora weighs in favor of transferring venue. [Pl. Opp. at 26]. Piecemeal litigation is disfavored and transfer to "a forum in which all potential claims could be adjudicated at once" is particularly warranted when a risk of duplicative litigation arises due to the court's lack of personal jurisdiction over some of the implicated parties. *Nat'l Prop. Inv'rs VIII v. Shell Oil Co.*, 917 F.Supp. 324, 329 (D.N.J. 1995) (holding that transfer was desirable to avoid "piecemeal litigation" when New Jersey had no personal jurisdiction over certain parties involved in Plaintiff's claims); *Fortay*, 1994 WL 62319, at *11 (holding that because the Court could not exercise personal jurisdiction over several of the defendants, maintaining the action in New Jersey against only one defendant would "set the stage for split proceedings"). Here, there is a pending Motion to Dismiss filed by Dalton School due to lack of personal jurisdiction. [ECF No. 12]. If that Motion is successful, Dalton School cannot be a party in New Jersey. Moreover, Dalton School has indicated that, should its Motion to Dismiss be denied, it does not object to the change of venue. [ECF No. 39]. The possibility of "split proceedings" in this matter in light of Dalton's compelling Motion to Dismiss is yet one more reason why transfer of venue is warranted.

**V.    New York Has A More Significant Relationship With The Parties And The Action And New York Law Therefore Applies**

Whether this case is transferred to the SDNY, or remains venued here in New Jersey, there is no question that New York law will apply to most (if not all) of Plaintiff's claims. New Jersey choice of law principles require its courts to apply the "law of the state that has the most

11

significant connections with the parties and the action." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 527 (D.N.J. 1998).

As described in detail in Mr. Dunnan's opening brief, as well as above, Plaintiff's claims have "by far the most connections to New York." *Dworin v. Deutsch*, No. 2:06CV01571 WJMRJH, 2006 WL 3095945, at *5 (D.N.J. Oct. 30, 2006). Plaintiff does not dispute this fact. Rather, Plaintiff argues that New Jersey law would nevertheless apply in light of the standard recently set forth in *McCarrell v. Hoffman-La Roche Inc.*, 227 N.J. 569 (2017). In doing so, Plaintiff conflates the standard for determining which state's statute of limitations apply with the standard for determining which state's substantive law applies. [Pl. Opp. at 27-28]. In *McCarrell*, the Court decision was limited to what state's statute of limitations would apply to a personal injury claim, and held that "the limitations period of the forum state applies unless it has 'no substantial interest' in maintaining the claim in its Court." *McCarrell,* 227 N.J. at 581. *McCarrell* did not involve a determination of what state's *substantive law* would apply and, in fact, specifically noted that the "most significant relationship test" was still applicable when "resolving conflicts of substantive tort law." *Id.* at 575.

Here, the issue is not merely what statute of limitations should apply but, more fundamentally, whether New York or New Jersey's underlying substantive law should apply. There are significant differences in the two state's child sexual abuse laws and tort laws. Until a determination is made as to which state's laws apply, the Court cannot even reach the issue of statute of limitations. That is the reason why Mr. Dunnan limited the instant Motion strictly to a change of venue application. Once the proper forum is determined, then there will need to be separate briefing regarding which state's substantive law applies, and whether the statute of limitations bars Plaintiff's claims under those laws. The purpose of raising the statute of

12

limitations in Mr. Dunnan's opening papers was merely to establish that Plaintiff was indeed forum shopping when she chose to file this case in New Jersey, because she admittedly wanted to avail herself of the NJCSAA.

## **CONCLUSION**

For the reasons set forth herein, and in Mr. Dunnan's Brief in Support of his Motion to Change Venue, Mr. Dunnan respectfully requests that the Court transfer this case to the SDNY, pursuant to 28 U.S.C. § 1404 (a).


Dated: November 7, 2018                                    Respectfully submitted,

                                                          **LITTLER MENDELSON**
                                                          A Professional Corporation

                                                          */s/ Stacey D. Adams*
                                                          Stacey D. Adams, Esq.
                                                          Emily Freeman David, Esq.
                                                          *Attorneys for Defendant*
                                                          *Gardner P. Dunnan*

FIRMWIDE:159657889.2 099568.1001

13