UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.S., | Civil Action |
| Plaintiff, | 2:18-CV-10258-CCC-SCM |
| v. | **OPINION AND ORDER** |
| DALTON SCHOOLS, INC., et al., | **[D.E. 37]** |
| Defendants. | |

**STEVEN C. MANNION**, United States Magistrate Judge.

Before the Court is Defendant Gardner P. Dunnan's (hereinafter "Mr. Dunnan") Motion to transfer venue.[1] The Honorable Claire C. Cecchi, U.S.D.J., referred the motion to the undersigned for disposition in accordance with Local Civil Rule 72.1(a)(1).[2] For the reasons set forth herein,[3] the Court **GRANTS** Mr. Dunnan's motion and transfers this case to Southern District of New York.

**I.  BACKGROUND AND PROCEDURAL HISTORY**[4]

This is a sexual assault case brought on the grounds of diversity jurisdiction.[5] Plaintiff J.S. alleges that Mr. Dunnan sexually assaulted her on four separate occasions between September

---

[1] (ECF Docket Entry ("D.E.") 37, Def.'s Mot. to Transfer). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] *See* L. Civ. R. 72.1(a)(1).

[3] *See* 28 U.S.C. § 1406.

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 6, Am. Compl., at ¶ 11).

1986 and January 1987.[6] At the time of these incidents, J.S. was fourteen-years-old and was under the care of Mr. Dunnan and Dalton School.[7] With the help of Mr. Dunnan, Dalton admitted J.S. without a formal admissions process and gave her free tuition, and room and board.[8] Mr. Dunnan, then-headmaster,[9] offered J.S. to stay at his residence to care for his family while attending school because his home was near the school.[10]

Three of the four alleged incidents of sexual assault occurred in Mr. Dunnan's home in New York City[11] and another incident occurred in Mr. Dunnan's home in Ocean County, New Jersey.[12] J.S. spent the majority of the time in New York City; however, Mr. Dunnan and his family brought J.S. to their home in New Jersey approximately three times.[13] J.S. is a New Jersey resident.[14] Mr. Dunnan is a New York resident[15] and Dalton is a New York not-for-profit

---

[6] (D.E. 6, Am. Compl., at ¶¶ 37–41).

[7] (D.E. 6, Am. Compl., at ¶ 22).

[8] (D.E. 6, Am. Compl., at ¶ 26).

[9] (D.E. 6, Am. Compl., at ¶ 24).

[10] (D.E. 6, Am. Compl., at ¶ 28).

[11] (D.E. 6, Am. Compl., at ¶¶ 37, 40–41).

[12] (D.E. 6, Am. Compl., at ¶ 38).

[13] (Id.).

[14] (D.E. 6, Am. Compl., at ¶ 8).

[15] (D.E. 6, Am. Compl., at ¶ 10).

corporation with its principal place of business in New York, New York.[16] On October 12, 2018, Mr. Dunnan filed a motion to transfer under Section 1404(a).[17]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[18] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[19] Motions to transfer are non-dispositive.[20] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[21]

## III. ANALYSIS AND DISCUSSION

Transfers of venue under Section 1404(a) are "discretionary determinations made for the convenience of the parties."[22] Because Section 1404(a) comes into play "where both the original and the requested venue are proper,"[23] the threshold question in determining the appropriateness of transferring a case under Section 1404(a) is whether the original venue is proper. If the original venue is improper, courts may transfer the case to a proper venue under Section 1406 if the

---

[16] (D.E. 6, Am. Compl., at ¶ 9).

[17] (D.E. 37, Def.'s Br.).

[18] 28 U.S.C. § 636(b)(1)(A).

[19] *See* L. Civ. R. 72.1(a)(1).

[20] *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998) (citations omitted).

[21] 28 U.S.C. § 636(b)(1)(A); *Marks v. Struble*, 347 F.Supp. 2d 136, 149 (D.N.J. 2004).

[22] *Lafferty v. Riel*, 495 F.3d 72, 77 (3d Cir. 2007).

[23] *Jumara v. State Farms Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

3

"interest of justice" requires transfer rather than dismissal for improper venue.[24]

Section 1391(b) governs where venue is proper and states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[25]

For the reasons set forth herein, the Court finds that venue is not proper as to Dalton but proper as to Mr. Dunnan in the District of New Jersey under Section 1391(b).

**A. Venue under Section 1391(b)(1)**

Under Section 1391(b)(1), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."[26] Under Section 1391(c)(2), an entity with the capacity to sue has residency "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[27] Personal jurisdiction can be established by either general or specific

---

[24] *See, e.g.*, *Lafferty*, 495 F.3d at 75; *see also* 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

[25] 28 U.S.C. § 1391(b).

[26] 28 U.S.C. § 1391(b)(1).

[27] 28 U.S.C. § 1391(c)(2).

jurisdiction.[28]

Venue is not proper in the District of New Jersey under Section 1391(b)(1) because Mr. Dunnan and Dalton do not reside in New Jersey. Mr. Dunnan is a resident of New York and Dalton does not reside in New Jersey under the venue statute. Because the Court does not have general or specific jurisdiction over Dalton in New Jersey, Section 1391(b)(1) does not operate to confer venue here.

The Court finds that it does not have general jurisdiction over Dalton because its affiliations with New Jersey are not "continuous and systematic as to render them essentially at home" in New Jersey.[29] Dalton does not do any business in New Jersey.

The Court finds that it cannot exercise specific jurisdiction over Dalton. To establish specific jurisdiction, (1) the defendant must have purposefully directed its activities at the forum; (2) the litigation must arise out of or relate to at least one of the contacts with the forum; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.[30] All three elements must be met to establish specific jurisdiction.[31]

Purposeful availment requires a "deliberate targeting of the forum"[32] and "a single act may satisfy the minimum contacts test if it creates a substantial connection with the forum."[33] Here,

---

[28] *Daimler AG v. Bauman*, 571 U.S. 117, 120 (2014).

[29] *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

[30] *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007).

[31] *Id.*

[32] *Id.*

[33] *Al-Ghena International Corp. v. Radwan*, 957 F. Supp. 2d 511, 528 (D.N.J. 2013).

5

there is no indication that Dalton deliberately targeted the forum or engaged in any activities that created substantial connections with New Jersey. Dalton does not solicit applications from New Jersey students or recruit teachers that reside in New Jersey.[34] Dalton's New Jersey alumni who receive correspondence regarding donations to the school are not deliberately targeted; the letters they receive are part of a mass mailing campaign that involve Dalton alumni across the country.[35] Furthermore, Dalton's participation in sporting events in New Jersey are not focused in the state but is a result of general involvement in interscholastic sports that involve events in New Jersey.[36]

Even if Dalton had purposefully directed its activities at New Jersey, this litigation did not arise out of any of its contacts in New Jersey.[37] The alleged incident of sexual abuse that occurred in New Jersey took place at Mr. Dunnan's Ocean County home.[38] The Ocean County home is not a jurisdictional contact of Dalton but rather a contact of Mr. Dunnan. In considering a defendant's contacts, the actions of a defendant's agent may be attributed to the defendant for personal jurisdiction purposes.[39] Here, there was no agency relationship between Dalton and Mr. Dunnan at the time of the Ocean County incident because Mr. Dunnan was acting outside the scope of his

---

[34] (D.E. 12-3, Hwang's Aff., at ¶¶ 6–8).

[35] (D.E. 12-3, Hwang's Aff., at ¶¶ 9–10); see *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985).

[36] (D.E. 12-3, Hwang's Aff., at ¶ 15); see *Gallant v. Tr. of Columbia Univ. in City of N.Y.*, 111 F. Supp. 2d 638, 642 (E.D. Pa. 2000).

[37] *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 318 (3d Cir. 2007)

[38] (D.E. 6, Amended Compl., at ¶ 39).

[39] *Seltzer v. IC. Optics, Ltd., I.C.,* 339 F.Supp.2d 601, 609–12 (D.N.J. 2004).

employment as headmaster.[40] As a result, the Ocean County home is not a contact of Dalton because the actions of Mr. Dunnan are not imputed to Dalton.

Because all three elements must be met, the Court cannot exercise specific jurisdiction over Dalton.

**B. Venue under Section 1391(b)(2)**

The Court finds that venue under Section 1391(b)(2) is improper as to Dalton in the District of New Jersey because a substantial part of the events giving rise to the claims against Dalton did not occur in New Jersey.[41] The test for determining venue pursuant to Section 1391 (b)(2) is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim.[42] Events or omissions that have only "some tangential connection" with the dispute are not considered in a venue analysis.[43] Instead, courts require that the events or omissions supporting a claim be substantial.[44] Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no relationship to the dispute."[45] In determining substantiality, courts do not require a majority of the events to take place in the district, nor that the challenged forum be the best forum for the lawsuit to be venued.[46]

---

[40] *Doughty v. U.S. Postal Service*, 359 F.Supp.2d 361, 365 (D.N.J. 2005) (sexual assault by an employee was outside the scope of his employment).
[41] 28 U.S.C. § 1391(b)(2).

[42] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994).

[43] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294-5 (3d Cir. 1994).

[44] *Id.*

[45] *Id.; see also Leroy v. Great. W. United Corp.,* 443 U.S. 173, 183-84 (1979).

[46] *Id.*

In the present case, none of Dalton's actionable conduct occurred in New Jersey. The events or omissions giving rise to the claims against Dalton (the hiring and supervision of Mr. Dunnan), would have taken place entirely in New York because Dalton's campus and administrative offices are all located in New York City.[47] Thus, the location of the events giving rise to the claims is New York and venue is not proper as to Dalton in New Jersey.[48]

The Court finds that venue is proper as to Mr. Dunnan in the District of New Jersey because a substantial part of the events giving rise to the claims against Mr. Dunnan occurred in New Jersey.[49] J.S. alleges four incidents where she was sexually assaulted by Mr. Dunnan, and one of the incidents occurred in New Jersey.[50] Each incident of sexual assault is an integral part of J.S.'s lawsuit. Even though the majority of incidents took place in New York, the Court finds that venue is proper in New Jersey because a substantial part of the events occurred here.[51] Other courts have upheld venue where an illegal action was repeated in more than one state and venue was laid in a state that accounted for only a small number of those actions.[52] Accordingly, venue is appropriate in the District of New Jersey for Mr. Dunnan under Section 1391(b)(2).

---

[47] (D.E. 12-3, Hwang's Aff., at ¶ 4).

[48] *Taube v. Common Goal Systems, Inc.*, 2011 WL 5599821, at *5 (D.N.J. Nov. 1, 2011) (substantial part of the events giving rise to an employment claim occurred at the location where the decision to terminate an employee was made).

[49] 28 U.S.C. § 1391(b)(2).

[50] (D.E. 6, Amended Compl., at ¶ 36).

[51] (D.E. 6, Amended Compl., at ¶ 11); *see Gwynn v. TransCor America, Inc.,* 26 F.Supp.2d 1256 (D. Colo. 1998) (holding that venue was proper in state that was a minor leg of trip during which prisoner allegedly was continuously assaulted and mistreated).

[52] *Id.; see also Calkins v. Dollarland*, 117 F.Supp.2d 421, 427 (D.N.J. 2000) (holding that venue for sexual harassment claim was proper in district where defendant worked 5 months out of her 46 month employment); *Dorsey v. American Golf Corp*., 98 F.Supp.2d 812, 816

## C. Venue under Section 1391(b)(3)

Section 1391(b)(3) does not apply to this case. Section 1391(b)(3) applies when "there is no district in which an action may otherwise be brought as provided" in Section 1391.[53] Here, an alternate venue exists because J.S. could have brought this action pursuant to Section 1391(b)(2) in the Southern District of New York since a substantial portion of the events giving rise to the claim occurred in Manhattan, New York.[54]

## D. Transfer of Venue to the Southern District of New York

Having found that venue is improper as to Dalton in the District of New Jersey, the Court must decide whether to dismiss or transfer the case.[55] In the situation where venue is proper for one defendant but not for another and dismissal is inappropriate, the district court may transfer the entire case to another district that is proper for both defendants, or sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district.[56] Transfer is appropriate when the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, and severance would require the same issues to be litigated in two places.[57]

---

(E.D.Mich.2000) (holding that venue for disability discrimination claim was proper in district of state where four of 257 defendant golf courses were located).

[53] 28 U.S.C. § 1391(b)(3).

[54] *See* 28 U.S.C. § 1391(b)(2).

[55] 28 U.S.C. § 1406(a).

[56] *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

[57] *Id.*

To determine whether transfer is appropriate under 28 U.S.C. 1406, the Court must assess whether (1) the action "could have been brought" in the Southern District of New York; and (2) whether it is "in the interest of justice" to transfer the case to the Southern District of New York rather than dismiss it for improper venue. First, the Court finds that the action "could have been brought" in the Southern District of New York because Dalton resides in New York and a substantial part of the events giving rise to J.S.'s claims occurred in New York City.[58] Second, the Court finds that it is in the interest of justice to transfer the case to the Southern District of New York because Congress enacted Section 1406(a) to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess as to the facts underlying the choice of venue."[59] The statute aims "to save the parties' time and resources."[60] Furthermore, transfer is appropriate because Dalton will likely be subject to personal jurisdiction in New York since Dalton is a New York corporation with its principal place of business in New York, New York.[61]

The Court further finds that severing the case so that the Court retains the case against Mr. Dunnan yet transfers the case against Dalton would result in judicial inefficiency. The allegations against Mr. Dunnan are central to the issues raised against Dalton and severing the claims would require the same issues to be litigated in New York and New Jersey. Litigating the same issues in

---

[58] *Id.*

[59] *Eviener v. Eng*, No. 12-2245, 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (citations omitted).

[60] *Konica Minolta, Inc. v. ICR Company d/b/a iCRco, Inc.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015).

[61] (D.E. 6, Amended Compl., at ¶ 9).

two places would be an inefficient use of a party's time and resources.[62] Thus, the Court concludes that transferring the case in its entirety is appropriate and in the interest of justice. The Court finds the Southern District of New York is the proper district for Dalton and Mr. Dunnan because both defendants are subject to personal jurisdiction in New York, a substantial part of the events giving rise to J.S.'s claims occurred in New York, and much of the evidence, witnesses, and relevant documents are located in New York.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that venue is not proper in the District of New Jersey and it is in the interest of justice to transfer this case to the Southern District of New York. Because the Court concludes that transfer is appropriate, the Court terminates the Motion to dismiss as moot.

An appropriate order follows.

## ORDER

**IT IS** on this Wednesday, January 09, 2019,

1. **ORDERED** that Defendant's motion to transfer is **GRANTED**; and it is further

2. **ORDERED** that the Clerk of the Court shall transfer this action to the Southern District of New York; and it is further

3. **ORDERED** that the Clerk of the Court shall administratively terminate Defendant Dalton's

---

[62] *Id.*

motion to dismiss, [D.E. 12] as moot. *See* Fed. R. Civ. P. 83(b) and Local Civ. R. 83.3.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/9/2019 12:45:51 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc: All parties
    File